UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PETER J. HANSEN,

            Plaintiff,

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

           Defendant.

NO. CV-10-237-JPH

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS

(ECF No. 13)

BEFORE THE COURT are cross-motions for Summary Judgment noted for hearing without oral argument on July 22, 2011 (ECF No. 13, 16). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Jordan D. Goddard represents the Commissioner of Social Security. The parties consented to proceed before a magistrate judge (ECF No. 7). On June 27, plaintiff filed a reply (ECF No. 18). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 13), **REVERSES AND REMANDS** for further administrative proceedings, and **DENIES** Defendant's Motion for Summary Judgment (ECF No. 16).

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) benefits on February 24, 2006, due to a back injury and liver disease (Tr. 74-77, 119). The application was denied initially and on reconsideration (Tr. 40-41, 43-46).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS

A hearing was held on February 1, 2008, before Administrative Law Judge (ALJ) R.J. Payne (Tr. 586-621). Mr. Hansen, represented by counsel, and two medical experts testified. On February 25, 2008, the ALJ issued an unfavorable decision (Tr. 15-24). The Appeals Council denied Plaintiff's request for review on June, 30, 2010 (Tr. 3-6). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on July 30, 2010 (ECF No. 2,4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both parties. They are only briefly summarized here.

Plaintiff was forty-three years old when he applied for benefits and 45 at the hearing (Tr. 604). He earned a GED and was previously self-employed as a dairy farmer until around 2000 (Tr. 605-606). In February 2004 he was hospitalized with a gastrointestinal bleed. Plaintiff was diagnosed with acute alcoholic hepatitis, cirrhosis, and advised he needed to stop drinking. By April 2004, Mr. Hansen's liver had significantly improved with abstinence from alcohol. In 2005 he was diagnosed with diabetes. He has suffered from back pain for the last several years because he broke three vertebrae when he was young.

At the time of the gastrointestinal bleed, Mr. Hansen was diagnosed with depression and prescribed antidepressant

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS

medication.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (SSA) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work, but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520 and 416.920. The ALJ first considers whether the claimant is engaged in substantial gainful activity; if not, the ALJ asks in the second step whether the claimant has a severe impairment (i.e., one that significantly affects his or her ability to function); if so, the ALJ asks in the third step whether the claimant's condition meets or equals one of those outlined in the Listing of Impairments in Appendix 1 of the regulations; if not, then in the fourth step the ALJ asks whether the claimant can perform his or her relevant

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS

1   work; if not, finally, the ALJ in the fifth step asks whether the
2   claimant can perform other jobs that exist in substantial numbers
3   in the national economy. 20 C.F.R. §§ 404.1520 and 416.920.

4        The burden of proof is on the plaintiff to establish a *prima*
5   *facie* case of entitlement to disability benefits. *Rhinehart v.*
6   *Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172
7   F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once
8   plaintiff establishes that a physical or mental impairment
9   prevents the performance of previous work. At step five, the
10  burden shifts to the Commissioner to show (1) plaintiff can
11  perform other substantial gainful activity, and (2) a "significant
12  number of jobs exist in the national economy" which plaintiff can
13  perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999); *Kail v.*
14  *Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

15                        **STANDARD OF REVIEW**

16       Congress has provided a limited scope of judicial review of a
17  Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
18  the Commissioner's decision, made through an ALJ, when the
19  determination is not based on legal error and is supported by
20  substantial evidence. *See Tackett*, 180 F.3d at 1097. "The
21  [Commissioner's] determination that a plaintiff is not disabled
22  will be upheld if the findings of fact are supported by
23  substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 99th
24  Cir. 1983). Substantial evidence is more than a mere scintilla,
25  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975),
26  but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d
27  599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health*

28  ORDER GRANTING PLAINTIFF'S MOTION
    FOR SUMMARY JUDGMENT AND REMANDING
    FOR FURTHER ADMINISTRATIVE PROCEEDINGS
                                                                4

*and Human Services*, 846 F.2d 573, 576 (9ᵗʰ Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9ᵗʰ Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9ᵗʰ Cir. 1989), quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9ᵗʰ Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9ᵗʰ Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9ᵗʰ Cir. 1987).

///

///

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity after he applied for benefits on February 24, 2006 (Tr. 17). At step two, he found Plaintiff has the following severe impairments: liver disease, low back pain, borderline intellectual functioning, and depression (*Id*.). At step three, the ALJ found none of the impairments alone or in combination meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). The ALJ found Plaintiff's RFC, which includes mental and non-exertional limitations, limits him to a range of light work (Tr. 20). At step four, he found Plaintiff is unable to perform any past relevant work (Tr. 23). At step five, relying on the Grids and testimony outside the record, he found there are other jobs Plaintiff can do (Tr. 24).

**DISCUSSION**

Plaintiff contends substantial evidence did not support the ALJ's decision and he made several legal errors. The error at step five is dispositive.

**A. Step five**

Once the sequential analysis has reached step five, in order to support a conclusion that an individual is not disabled, the Social Security Administration must provide evidence that demonstrates other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity. There are two ways the ALJ can meet this burden: (1) by the testimony of a vocational expert or (2) by

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS

reference to the Medical-Vocational Guidelines (the Grids), at 20 C.F.R. Pt. 404, subpt. P, App. 2. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 9th Cir. 1999).

However, these Guidelines only apply when "a claimant's functional limitations fall into a standardized pattern accurately and completely described by the grids." *Tackett*, 180 F.3d at 1103 (9th Cir. 1999), citing *Jones v. Heckler*, 760 F.2d 993, 998 (9th Cir. 1985).

Here, ALJ Payne noted vocational experts have historically and routinely testified in prior hearings that an individual with the same age, education, and work experience as the claimant, who also has the same "types" of exertional and non-exertional limitations, would not have a significant erosion of the job base at the sedentary and light job levels due to the additional non-exertional limitations (See Tr. 24). The ALJ erred.

The testimony of a vocational expert is required if, as in this case, non-exertional impairments restrict work capacities. *Polny v. Bowen*, 864 F.2f 661 (9th Cir. 1988). Here, the ALJ relied on a combination of the grids and vocational expert testimony *in other cases*. It is improper to rely on information outside the record, as the Commissioner concedes (ECF No. 17 at 15). *See Burkhart v. Bowen*, 856 F.2d 1335 (9th Cir. 1988)(vocational conclusions reached by an ALJ, without input from vocational expert, represents an improper reliance upon information outside the record, deprives the claimant of an opportunity to cross-examine or rebut, and lacks sufficient evidentiary support to constitute substantial evidence). The Commissioner argues because

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS

the ALJ properly relied on the Grids as a framework, and plaintiff's mental limitations did not significantly erode the occupational base, the ALJ's error in relying on evidence outside the record is harmless (ECF. No. 17 at 15-16). The Court disagrees.

Previous vocational expert testimony is not evidence in this case. The Commissioner bears the burden of proof at step five. And, for the reasons articulated in *Burkhart*, *supra*, this court finds the error is harmful.

The degree to which the job base is eroded by Plaintiff's specific mental and non-exertional limitations requires a vocational expert's testimony. See *Tackett,* 180 F.3d at 1102: use of the grids is justified only when they completely and accurately represent a claimants's limitations. In other words, a claimant must be able to perform the *full range* of jobs in a given category, i.e., sedentary, light, or medium work. *Tackett*, 180 F.3d at 1101-1102 (emphasis in the original)(citations omitted); *see also Lounsburry v. Barnhart*, 468 F.3d 1111, 1115-1116 (9th Cir. 2006)(Because the grids are not designed to establish automatically the existence of jobs for persons with both severe exertional and non-exertional impairments, they may not be used to direct a conclusion of *nondisability*)(emphasis in the original).

By concluding that Plaintiff was not disabled without the aid of the testimony of a vocational expert, after finding plaintiff suffers mental and non-exertional limitations, the ALJ committed reversible error.

///

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS

**B. Remedy**

    To establish at step five whether Plaintiff was disabled under the Social Security Act, the ALJ must hear testimony from a vocational expert. Accordingly, the Court remands to the Commissioner for further administrative proceedings.

CONCLUSION

    The ALJ's ultimate findings must be supported by substantial evidence and be free from legal error; if they are not the decision must be reversed. 42 U.S.C. § 405(g); *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Having reviewed the record and the ALJ's conclusions, this Court finds that the ALJ's step five determination is unsupported by substantial evidence and contains harmful legal error.

    **IT IS ORDERED:**

    1. Plaintiff's Motion for Summary Judgment (**ECF No. 13**) is **GRANTED.** The Commissioner's decision is **REVERSED** and the case is **REMANDED** pursuant to sentence four for further administrative proceedings.

    2. Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED.**

    The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Plaintiff, and **CLOSE** this file.

        DATED this 11th day of August, 2011.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS

1           s/James P. Hutton

2              JAMES P. HUTTON

3      UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING PLAINTIFF'S MOTION
     FOR SUMMARY JUDGMENT AND REMANDING
     FOR FURTHER ADMINISTRATIVE PROCEEDINGS